JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KERRY ODELL DAVIS, | ) | NO. CV 22-00938 JWH (KS) |
| Petitioner, | ) | ORDER AND JUDGMENT DISMISSING HABEAS PETITION WITHOUT PREJUDICE |
| v. | ) | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) | |
| Respondents. | ) | |

**INTRODUCTION**

On February 9, 2022, Petitioner, a California state prisoner proceeding *pro se*, filed a single-page document in this Court, which was docketed as a Petition for Writ Of Habeas Corpus By A Person in State Custody pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.)  The document appears to be addressed to the California Court of Appeal, Second Appellate District, Division Eight, concerning case no. BA472810 in the trial court and case no. B306557 in the state court of appeal.  (*Id.*)  In the document, Petitioner moves "for a 90 day extention [*sic*] because of condition[s] due to the Covid-19 pandemic lockdown situation here at Centinela State Prison Facility B-3." (*Id.*)  Petitioner does not specify what he seeks an extension of time to file, however, he states that he has "not been able to get the require[d] time to do the petition for a writ of certiorari with the United States Supreme Court" and that extra time "would [allow] me to show great cause in this case that's been placed on me."  (*Id.*)

A review of Petitioner's publicly available state court records reveals that, in Los Angeles Superior Court case no. BA472810, he was convicted of two counts of robbery and sentenced to an indeterminate term of 58 years to life under California's three strikes law.  *See People v. Davis*, No. B306557, 2021 WL 3284752, at *1-2 (Cal. Ct. App. Aug. 2, 2021).  The California Court of Appeal affirmed the judgment (*id.* at *5) and the California Supreme Court denied review of the state appellate court's decision on October 20, 2021.  *See People v. Davis*, No. S270815, *available at* http://appellatecases.courtinfo.ca.gov.  A search of the United States Supreme Court docket does not reveal  any results indicating that Petitioner has a matter pending before the high court.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") provides that the Court "must promptly examine" a federal habeas

petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Habeas Rule 4; *see also* C.D. Cal. L.R. 72-3.2 ("The Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.").  The Advisory Committee Note to Habeas Rule 4 provides that the rule "is designed to afford the judge flexibility in a case where either dismissal or an order to answer may be inappropriate."  *Lonchar v. Thomas*, 517 U.S. 314, 325 (1996).  The Advisory Committee Note also provides that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," and that a habeas petition is expected to state facts "that point to a real possibility of constitutional error."  *See Krenwinkel v. Hill*, No. CV 19-10066-VBF (SP), 2020 WL 7061033, at *1 (C.D. Cal. Oct. 19, 2020).

Additionally, 28 U.S.C. § 2242 and Habeas Rule 2 describe the requirements relating to the form, contents, scope, and sufficiency of a federal habeas petition. Specifically, a habeas petition must:  (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury.  Habeas Rule 2.  The Advisory Committee Note to Habeas Rule 2 makes clear that "an applicant challenging a state judgment, pursuant to which he is presently in custody, must make his application in the form of a petition for a writ of habeas corpus."  Habeas Rule 2, Advisory Committee Note (1976 Adoption).

The Court's review of the document filed by Petitioner reveals that it is facially deficient as a federal habeas petition and must be dismissed.  The document appears to be an erroneous attempt to request an extension of time from the California state courts to file a petition for certiorari in the United States Supreme Court.  But, regardless of what Petitioner intends to file or where, Petitioner has failed to articulate any legal claims for relief, state any facts in support, or request any federal habeas relief. Habeas Rule 2.  Accordingly, Petitioner has not filed a *federal* habeas petition with any cognizable issues under 28 U.S.C. § 2254, and this action should be dismissed. Habeas Rules 2, 4; L.R. 72-3.2.

Further, even liberally construing Petitioner's filing as a request for an extension of time to file a federal habeas petition in this Court, that request is insufficient to initiate a federal habeas action because it does not present a justiciable case or controversy.  *See Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982) ("Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'); *Morales v. Warden*, No. CV 13-1748 CJC (AN), 2013 WL 1192343, at *2 (C.D. Cal. Mar. 22, 2013) (letter requesting an extension of time to file § 2254 petition did "not constitute a valid habeas petition or present a justiciable case or controversy because, among other things, it does not raise any cognizable federal claims."); *Chairez v. Adams*, 2007 WL 1703750, *1 (N.D. Cal. June 11, 2007) (motion seeking to extend time to file habeas petition does not constitute a valid habeas petition and violates case or controversy requirement); *cf. United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (federal courts lack jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed).

Finally, Petitioner fails to set forth any facts concerning his judgment of conviction or sentence, let alone facts that point to a real possibility of constitutional

4

error.  Habeas Rule 4, Advisory Committee Note (1976 Adoption); *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

**ORDER AND JUDGMENT**

For the reasons set forth above, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that this action is **DISMISSED without prejudice**.

IT IS SO ORDERED.


DATED: March 4, 2022

JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE


Presented by:

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE